IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,202






EX PARTE FREDA LASHAWN PARRAMORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. CR-23723-A IN THE 159TH JUDICIAL DISTRICT COURT, 

ANGELINA COUNTY





 Per curiam.


O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this
Court by the clerk of the trial court pursuant to the provisions of Article 11.07 of the
Texas Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App.
1967). Applicant pleaded guilty to robbery, enhanced by a prior felony conviction, and
was sentenced to ten years' imprisonment. Applicant did not appeal this conviction.

 Shortly after sentencing, Applicant filed a pro se motion for a new trial, which was
denied by the trial court. In this writ, Applicant raises a claim of actual innocence based
on newly discovered evidence. The trial court has reviewed the new evidence and entered
findings of fact and conclusions of law recommending that Applicant be granted a new
trial. Specifically, the trial court finds credible the affidavit of a police detective who has
uncovered evidence indicating that another individual was responsible for the offense to
which Applicant pleaded guilty. The trial court also finds that the newly discovered
evidence described in the affidavit is "sufficient evidence of Applicant's actual innocence
and that her guilt can not be established beyond reasonable doubt." We take this finding
to mean that the court has fully considered the significance of Applicant's guilty plea,
weighed that circumstance against the newly discovered evidence, and determined that in
light of that new evidence no reasonable jury would have convicted her. See Ex parte
Tuley, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002); Ex parte Elizondo, 947 S.W.2d 202,
209 (Tex. Crim. App. 1996). 

 Relief is granted. The judgement and sentence in cause no. 23,723-A, from the
159th Judicial District Court of Angelina County is vacated, and the Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, is ordered to return
the applicant to the custody of the Sheriff of Angelina County so that she may answer the
charges against her. 

DELIVERED: June 22, 2005 

DO NOT PUBLISH